(Probate Court, Perry County, Ohio.)
1896.

IN RE LOLO O. DILLER'S APPLICATION FOR APPOINTMENT AS ADM'X.

Under our statute as recently amended, the court may refuse to a person, otherwise entitled thereto, the appointment as administrator on the ground of unsuitableness or bad character.

A widow is entitled to the statutory one year's support although her late husband had separated from her on account of her bad character. Nothing but divorce will deprive her of the statutory right to a year's allowance.

---

WOLFE, J.

In the opinion of the court there are two propositions to be determined in this hearing, to-wit: First—The appointment. Second—The year's maintenance. The law governing the question of appointment, considered in an historical sense, differs essentially in its intent, limitations and discretionary scope at different periods—widening almost imperceptibly, but surely, with the progress of time. Under the common law the question of pure morality did not seem to affect the right to appointment as administrator or executor, especially in the latter case, in which it was presumed that the testator knew and waived the question. Under our statute law, however, it is essentially different, and as recently amended, the court may refuse to appoint if the applicant is evidently unsuitable. This wider application of discretionary power is unquestionably applicable to the appointment of administrators. The converse of a legal proposition must be as logical and correct as the converse of a proposition in mathematics. And it would be anomaly, indeed, if from the converse we failed to demonstrate the original proposition. The statute determines the priority of appointment, and in the absence of waiving the right, or some other legal impediment, makes the appointment mandatory. In the same proposition is also found the enlarged discretionary power of the court—conversely stated it is true. It is fair to presume it to be the intention of the law, that if the court may remove an administrator or executor for the causes set forth in the statute, or "for any other cause which in the opinion of the court renders it for the interest of the estate that such executor or administrator be removed," "the inference is strong, if not irresistible, that, if the court may remove such trustee for any of the causes mentioned, after the expense and trouble of getting him duly installed, such court may refuse to appoint anyone who, immediately after such appointment, should be removed from the trust. Hence, the mandatory features of the law are now overshadowed by converse propositions which are being recognized more and more in making appointments. The spirit and intent of the law are only fully satisfied when personal suitableness, considered in its wider bearing, becomes an important element in determining the fitness for appointment.

The question, therefore, of the appointment of L. O. Diller, is not exclusively and primarily one of statutory priority, but her evident suitableness or unsuitableness to administer the trust faithfully, impartially, and for the welfare of all concerned. Now, what are the facts in evidence in this case touching the suitableness or unsuitableness of the applicant? A careful resume of the evidence, both pro and con, are substantially the same—that Lolo O. Diller, during the lifetime of her husband and since his death, has lived under a cloud of disrepute; that her reputation has been uniformly and at times notoriously bad. It is evident that her chosen lot in life creates an environment in which the sense of honor, justice and frugality fade, wither and die. The habitual association with the low, degraded, prodigal and even criminal classes, must to a greater or less degree carry with it the attendant vices and blighting influences of those classes, which evidently would render a person unsuitable to administer a trust. And in the opinion of the court, this unsuitableness is not overcome by the fact that the party personally unsuitable is ready to give ample bonds with sureties for the faithful performance of her trust. For it is just neither to the party interested nor to those offering to become bondsmen, that in an office of trust the chief reliance must be placed upon the surety instead of the principal, nor can remedies for misgoverning, compensate for detriment suffered through the want of good man-

COPYRIGHT, 1898, BY CARL G. JAHN.

agement. It is, therefore, the opinion of the court, that Lolo O. Diller should not be appointed,, because of her unsuitableness to administer the trust.

Upon the question of the year's maintenance, the law in this case seems to be somewhat indefinite and obscure. In the opinion of the court this allowance will depend solely upon the marital relations of the parties at the time of Harry A. Diller's death. The invisible links of affection can never become strong enough to unite parties in marriage. This can only be done by the law. This being true, the marriage tie can only be dissolved by the same process. The only evidence before this court, is the certified copy of the marriage certificate of these parties, which in substance is, that Harry A. Diller and Lolo O. Diller were joined in marriage on the 1st day of January, 1889. There is not the slightest evidence that the marriage tie has ever been dissolved by due process of law. And it matters not what may have been the grounds for divorce, or the reasons for separation, so long as the relief is not sought by due process of law, the marriage remains valid, and the relation of husband and wife is fully maintained. It is true, that under the statutes, a wife living in adultery may be barred from her dower in her husband's estate, and in some states bar her right to administer the estate, but homestead right, dower right and the year's maintenance, are entirely different things. The private life of an individual can have no effect upon the widow's right to a year's maintenance so long as the contractual relationship between husband and wife are not dissolved. Her right to the year's maintenance is a statutory right, and is in no wise affected except by divorce of either party. There being no evidence of such dissolution before this court, it is, therefore, adjudged that Lolo O. Diller is entitled to her year's maintenance in the estate of Harry A. Diller, deceased.

And it is further ordered, that the court costs of this proceeding be paid out of the estate of Harry A. Diller, and that the plaintiff and defendant each pay the expenses incurred by them severally, in the prosecution of this case.